UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALBERT REGINALD ROBINSON # 602273,

        Plaintiff,

                                    Case No.  2:18-CV-9

v.

                                    HON. GORDON J. QUIST

JESSICA KNACK, et al.,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Albert Robinson, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 against several Defendants based on events that occurred while Plaintiff was housed at the Chippewa Correctional Facility and the Kinross Correctional Facility.  Following initial screening, Plaintiff's remaining claims are Eighth Amendment deliberate indifference and First Amendment retaliation claims against Defendants Knack, Stallman, Eicher, Weist, McDowell, and Moran.

Defendants Weist and Stallman filed a motion for summary judgment, in which they argued that Plaintiff's deliberate indifference claim for failure to provide adequate medical treatment and Plaintiff's retaliation claims fail as a matter of law.  (ECF No. 49.)  Defendant Moran filed a motion to dismiss, arguing that he is entitled to qualified immunity.  (ECF No. 27.)  Plaintiff responded to both motions.  (ECF Nos. 40, 78.)

On August 26, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) (ECF No. 84), recommending that the Court grant Defendants Weist's and Stallman's motion for summary judgment and grant Defendant Moran's motion to dismiss.

With regard to Plaintiff's Eighth Amendment claims against Defendants Weist and Stallman, the magistrate judge reviewed the evidence pertaining to their treatment of Plaintiff's conditions and concluded that Plaintiff failed to allege acts or omissions sufficiently harmful to evince deliberate indifference to Plaintiff's serious medical needs and that, at most, Plaintiff demonstrated only a disagreement as to the medical care Defendants provided him. (*Id.* at PageID.981–84.) With regard to Plaintiff's retaliation claims against Defendants Weist and Stallman, the magistrate judge concluded that Plaintiff's claims are meritless because: (1) he failed to present evidence showing an adverse action because the evidence demonstrated that the medical care he received was adequate; and (2) he failed to establish the causation element—that Defendants denied him appropriate medical care because of his grievances. (*Id.* at PageID.985.) As for Defendant Moran's motion to dismiss, the magistrate judge concluded that Plaintiff failed to allege that Defendant Moran engaged in any conduct that violated clearly established law. (*Id.* at 990–91.)

Plaintiff has filed Objections to the R & R, arguing that the magistrate judge erroneously concluded that the Court should grant Defendants' motions. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Regarding Plaintiff's Eighth Amendment claims, Plaintiff objects because he contends that Defendants Weist and Stallman should have given him more or different treatment than he received. While Plaintiff's claim might support a medical malpractice claim under state law, at bottom it complains about the adequacy of treatment that Plaintiff received. As the Sixth Circuit has stated, "where a prisoner has received some medical attention and the dispute is over the adequacy of the

treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (brackets and internal quotation marks omitted). While Plaintiff may disagree with the medical judgment Weist and Stallman exhibited, his disagreement is insufficient to demonstrate a violation of the Eighth Amendment. *See Thompson v. Mich. Dep't of Corrs.*, 25 F. App'x 357, 358 (6th Cir. 2002) (holding that a prisoner's disagreement with the medical treatment he received was insufficient to state a claim under the Eighth Amendment). Thus, even if Weist's or Stallman's diagnosis subsequently proved to be incorrect or incomplete, such still falls short of demonstrating an Eighth Amendment claim. *See Warren v. Nelson*, No. 2:05-CV-81, 2007 WL 677164, at *4 (E.D. Tenn. Mar. 1, 2007) ("While the Plaintiff claims that an incorrect diagnosis and prolonged treatment for the wrong condition constitutes 'gross negligence,' his claim, at its heart, sounds in state tort law of medical malpractice.").

As for the retaliation claim, the Court concurs with the magistrate judge that Plaintiff fails to demonstrate that Defendants' provision of medical care rises to the level of adverse action. Moreover, Plaintiff still fails to set forth evidence demonstrating the requisite causal connection.

Finally, although Plaintiff objects to the magistrate judge's analysis regarding the claim against Defendant Moran, Plaintiff fails to show that Defendant Moran can be held liable when his only active conduct was reviewing a misconduct ticket with Plaintiff and responding to a grievance that Plaintiff had written. As the magistrate judge explained, the law is clear that Defendant Moran cannot be held liable based on such conduct. Moreover, to the extent Plaintiff continues to argue that the misconduct ticket was false or that he never received a hearing, the Court notes that Plaintiff's due process claim was dismissed on initial screening (ECF No. 5 at PageID.138–40; ECF

3

No. 6); thus, Plaintiff has no due process claim against Defendant Moran based on the misconduct ticket.

Therefore,

**IT IS HEREBY ORDERED** that the August 26, 2019, Report and Recommendation (ECF No. 84) is **ADOPTED** as the Opinion of this Court. Plaintiff's Objections (ECF No. 88) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Weist's and Stallman's Motion for Summary Judgment (ECF No. 49) and Defendant Moran's Motion to Dismiss (ECF No. 27) are **GRANTED.**

The case will continue on Plaintiff's claims against Defendants Knack, McDowell, and Eicher.


Dated:  September 30, 2019

        /s/ Gordon J. Quist
        GORDON J. QUIST
        UNITED STATES DISTRICT JUDGE