UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ALBERT REGINALD ROBINSON #602273,

      Plaintiff,                             Case No. 2:18-CV-9

v.                                          HON. GORDON J. QUIST

JESSICA KNACK, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Albert Reginald Robinson, pursuant to 42 U.S.C. § 1983. On December 27, 2019, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R. & R., ECF No. 98), recommending that the Court (1) grant Defendants' motion for summary judgment (ECF No. 62); (2) deny Robinson's motion for a preliminary injunction and declaratory judgment (ECF No. 68); (3) deny Robinson's motion to appoint counsel, for a preliminary injunction and declaratory judgment (ECF No. 79); and (4) deny Robinson's motion to seal (ECF No. 76). After this Court extended the objection deadline, Robinson filed objections. (ECF No. 101.)

Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

**Analysis**

Robinson asserts retaliation and deliberate indifference medical claims against Defendants, Nurse Jessica Knack, Correctional Officer McDowell, and Nurse Dawn Eicher. Robinson makes several objections to the magistrate judge's R. & R. The Court addresses each objection in turn.

1. **May 11, 2017, Ear Appointment**

Robinson first objects to the magistrate judge's recommendation to dismiss the claim against Defendant Eicher concerning the May 11, 2017, ear appointment for lack of personal involvement. The magistrate judge found that that Defendant Eicher was not present at the May 11, 2017, ear appointment. This finding was based on the medical records and Defendant Eicher's Affidavit. Robinson states that the magistrate judge overlooked his grievance in which he claimed that two nurses were present at the hearing test. Robinson did not cite the grievance in his response brief and only cited to the medical records. Similarly, Robinson did not offer any citations to the grievance his objections. But even if Defendant Eicher had been present at the May 11, 2017, the records establish that RN Bethany Stain administered the test and generated the resulting report. (ECF No. 63-2 at PageID.574-575.) There is no evidence to support that Defendant Eicher forged the results of the test. Therefore, Robinson's claim against Defendant Eicher is properly dismissed.

2. **June 2017, Med-Line**

Robinson next objects to the magistrate judge's recommendation to dismiss the claim against Defendant Knack related to the June 2017 med-line. Robinson alleged that Defendant Knack ordered Robinson to pick up his Cipro medication at the med-line even though Cipro is not a restricted drug. The magistrate judge found that Robinson did not exhaust his administrative remedies related to this claim because the grievance was rejected for containing multiple unrelated issues. The rejection was upheld at all three steps. In his objection, Robinson states that the

grievance should not have been rejected because "the issues all related to one case of retaliation." (ECF No. 101 at PageID.1097.)

The MDOC grievance policy provides that a grievance may be rejected if it "contains multiple unrelated issues." MDOC Policy Directive 03.02.130 ¶ J. Here, the Court agrees that the rejected grievance contained multiple unrelated issues. Robinson made the following unrelated allegations in the grievance: (1) he had been denied treatment for his abdomen pain for over four years, (2) he has a major prostate infection; (3) Defendant Knack is making him go to the med-line, (4) Defendant Knack did not order the detail, and (5) Defendant Knack and another prison official are conspiring to "inconvenience" his religious rights. (ECF No. 63-4 at PageID.610.) Because the grievance was properly rejected, Robinson failed to exhaust his administrative remedies on the claims related to Defendant Knack requiring him to go to the med-line in June 2017.

3. **Retaliatory Misconduct Tickets**

Robinson claims that prison officials issued him three retaliatory misconduct tickets. The magistrate judge recommended that the Court dismiss all of Robinson's claims related to these misconduct tickets. Robinson does not appear to make any specific objection to the magistrate judge's recommendation as to the first retaliatory misconduct ticket. Instead, Robinson focuses on the second and third misconduct tickets. Thus, the Court will address only the second and third misconduct tickets.

A. *June 3, 2017, Misconduct Ticket*

Defendant Knack issued Robinson a Class I misconduct ticket on June 3, 2017. Robinson was found guilty on the misconduct at a hearing. The magistrate judge recommended that the Court dismiss the claims related to this misconduct ticket because the hearing officer's findings

3

are entitled to a preclusive effect. Robinson's objections to the magistrate judge's finding are unclear. He appears to be arguing that the hearing officer should not have found him guilty because he showed that Defendant Knack lied during the hearing. But this argument does not change the conclusion that the hearing officer's findings are entitled to a preclusive effect.

"To determine whether we must give preclusive effect to 'factfinding from Michigan prison hearings,' we look to four requirements, all of which must be met: "(1) the state agency 'act[ed] in a judicial capacity'; (2) the hearing officer 'resolved a disputed issue of fact that was properly before it'; (3) the prisoner 'had an adequate opportunity to litigate the factual dispute'; and, (4) if these other three requirements are met, we must 'give the agency's finding of fact the same preclusive effect it would be given in state courts." *Maben v Thelen*, 887 F3d 252, 259 (6th Cir. 2018) (quoting *Peterson v. Johnson*, 714 F.3d 905, 911-13 (6th Cir. 2013)).

In determining that the hearing officer's findings are entitled to a preclusive effect, the magistrate judge explained:

> First, the prison conducted the hearing in a judicial capacity. Second, the dispute issue was properly before the hearing officer. Indeed, in order to find Robinson guilty, the hearing officer had to conclude that Knack's version of events was true and that Robinson's version was not. Third, Robinson had an opportunity to litigate this issue. He was read the misconduct ticket and was confronted with the evidence against him. Robinson had the chance to present evidence and argument to the hearing officer. Robinson also had the opportunity to appeal the finding.

(ECF No. 98 at PageID.1075.) (footnote omitted).

Robinson has not shown that the magistrate judge erred by determining that the hearing officer's finding preclude Robinson's ability to allege the misconduct was retaliatory. Robinson appears to take issue with the magistrate judge's statement in a footnote that Robinson's rehearing request was returned because he submitted it too late. (ECF No. 98 at PageID.1075.) In his objections, Robinson states that the rehearing request "was returned because the Kinross Mailroom

4

refused to process it, which was stated in the brief." (ECF No. 101 at PageID.1098.) But Robinson failed to put forth any admissible evidence to substantiate this allegation. Robinson's retaliation claim based on the June 3, 2017 misconduct is properly dismissed.

    B.  *June 6, 2017 Misconduct*

Defendant McDowell issued Robinson a Class II misconduct ticket on June 6, 2017. The magistrate judge recommended that the Court dismiss this claim because Robinson failed to rebut that Defendant McDowell would have issued the misconduct ticket regardless of the protected conduct. In his objections, Robinson complains that Defendants never produced a copy of the hearing report and that he was never afforded a hearing. Robinson also states that it should be the "burden of defendants to show the actual hearing report bearing staff signatures[.]" (ECF No. 101 at PageID.1099.)

The Court does not control the evidence the parties submit at the summary judgment stage. Further, the magistrate judge's recommendation was not based on the hearing report. Instead, the magistrate judge recommended dismissal because McDowell stated in his affidavit that he would have written the misconduct on Robinson regardless of any protected conduct. Robinson had the opportunity to rebut McDowell's assertion through his own evidence, but he failed to do so. Accordingly, the claim related to the June 6, 2017, misconduct is properly dismissed.

    **4.  Eighth Amendment Medical Claims**

Robinson asserts a deliberate indifference medical claim against Defendant Knack. The remaining portion of this claim concerns Defendant Knack's treatment of Robinson's ear infection.[1] The magistrate judge recommended that the Court dismiss the claim related to the

---

[1] As explained above, Robinson failed to exhaust his administrative remedies on the claims related to the June 2017 med-line.

5

treatment of his ear infection because Robinson did not establish that Defendant Knack acted with deliberate indifference to any serious medical condition.

The Court agrees with the magistrate judge's conclusion. "The medical records show that Robinson['s] ears were checked repeatedly in 2017, by health care staff." (ECF No. 98 at PageID.1082.) Robinson appears to disagree with the treatment. And although he claims otherwise, Robinson failed to place verifying medical evidence to show any detrimental effect from the treatment he received by Defendant Knack.

**5. Appointment of Counsel, Primary Injunction, and Declaratory Judgment**

Robinson also filed motions requesting appointment of counsel, preliminary injunctions, and declaratory relief. (ECF Nos. 68 and 79.) Robinson argues that injunctive relief is necessary because prison librarians are retaliating against him and interfering with his access to the courts. Robinson also argues that appointment of counsel is necessary because he is indigent and cannot conduct an adequate factual investigation.

In recommending that the Court deny the motions, the magistrate judge identified the correct legal standard and properly weighed the factors. The magistrate judge recommended that the Court deny Robinson's request for preliminary injunctive and declaratory relief for several reasons, such as (1) Robinson sought relief against two librarians who were not defendants in this case; (2) Robinson had not shown that he was being denied access to the courts; and (3) Robinson had not shown a likelihood of success on the merits. The magistrate judge next recommended that the Court deny Robinson's request for counsel because Robinson had not shown that the appointment of counsel was necessary. The Court agrees with the magistrate judge's findings and recommendation; therefore, Plaintiff's motions are properly denied.

<u>Conclusion</u>

**Accordingly, IT IS HEREBY ORDERED** that the December 27, 2019, Report and Recommendation (ECF No. 98) is **adopted** as the Opinion of the Court. Robinson's objections (ECF No. 101) are **overruled**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 62) is **GRANTED** for the reasons set forth in the R. & R. Robinson's claim related to the June 2017 med-line is **dismissed without prejudice**. All other claims are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Robinson's motion to seal (ECF No. 67); proposed sealed motion for a preliminary injunction and declaratory judgment (ECF No. 68); and motion to appoint counsel, and for preliminary injunction and declaratory judgment (ECF No. 79) are **DENIED**.

This case is **concluded**.

A separate judgment will enter.

Dated: May 18, 2020                                    /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE